

FILED
SUPERIOR COURT
OF GUAM

2022 MAY 13 AM 11: 31

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RICHARD E. MOYLAN, | Superior Court Case No. <u>CV0760-16</u> |
| Plaintiff/Counterclaim Defendants, vs. | |
| AXE MURDERER TOURS, INC., ET AL., | **DECISION AND ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FILED 1/21/22)** |
| Defendants/Counter-claimants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | |

In this continuing litigation over Lot No. 1051, Hagatna, the Court here addresses the motion for summary judgment filed by Defendants E.C. Development, LLP ("ECD") and Paseo View Properties, Inc. ("PVP") on January 21, 2022. ECD and PVP ask the Court for summary judgment on all contract and tort claims asserted by Richard Moylan. Having reviewed the briefs and heard arguments, the Court GRANTS summary judgment in favor of ECD and PVP on all contract claims asserted by Richard but DENIES summary judgment on the tort claims of trespass and civil conspiracy.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Richard lists contract, quasi-contract, and tort claims in his First Amended Verified Complaint against Defendants ECD, PVP, and Axe Murderer Tours, Inc. Richard claims to be a third-party beneficiary entitled to enforce the contract claims of Accounting, Breach of Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing. First. Am. V. Compl. (June 28, 2017) ("Compl."). He also asserts the quasi-contract claim of quantum meruit. Finally,

ORIGINAL

Richard asserts the tort claims of Trespass to Land as it concerns Lot No. 1051; Trespass to land

as it concerns Dela Corte Street, Hagatna; Conversion; and Civil Conspiracy.

ECD and PVP move for summary judgment on all contract claims and the tort claims of

Trespass to Lot No. 1051 and Conspiracy.

On May 6, 2022, the Court determined that a Lease between Richard's co-tenants and

certain lessees (who later assigned their interests to PVP) did not grant exclusive possessory

rights to Richard. Dec. and Order Denying Pl.'s Mot. Partial Summ. J. (May 6, 2022).

## II.    UNDISPUTED FACTS

In 1989, five of six owners, as tenants in common, of Lot No. 1051 entered into a Lease

of that lot and other lots to Paraliza Grecia and Pacita Allman in September 1989 ("Lease").

Compl. ¶¶ 8, 10; PVP Answer ¶¶ 8, 10 (July 14, 2017); ECD Answer ¶¶ 8, 10 (July 19, 2017).

Section 2 of the Lease states:

> It is the intention of Lessors to lease all of their undivided right, title and interest
> in said lot. . . . However, it is understood that the permission of Richard E.
> Moylan is necessary before the said lot can be used by Lessees. It shall be the
> sole responsibility of Lessees to obtain permission from Richard E. Moylan to
> occupy Lot No. 1051.

Decl. Counsel, Ex. A (Aug. 2, 2017).

Grecia and Allman assigned their interest in the 1989 Lease to PVP in October 1989.

Compl. ¶ 12; PVP Answer ¶ 12; ECD Answer ¶ 12. PVP and ECD share common management,

and ECD has an interest in the lot adjoining Lot No. 1051. ECD Countercl. ¶¶ 11, 12 (July 19,

2017); Pl.'s Answer to ECD's Countercl. ¶¶ 1, 6 (May 6, 2022).

On May 3, 2017, PVP entered into a Lease Clarification and License agreement ("Lease

Clarification") with two of the Lessors. Declaration E. Calvo, Ex. 1 (July 9, 2019). The Lease

Clarification stated that "it was not the purpose or intent of the Moylans that the use or

ORIGINAL

occupation of Lot 1051 was conditioned upon [plaintiff]'s permission." Declaration E. Calvo, Ex. 1 at 1. The Lease Clarification also confirmed that PVP "has the full right and authority to use and occupy Lot 1051 subject to [plaintiff]'s undivided ⅙ interest but not conditioned upon [plaintiff]'s permission or consent." Declaration E. Calvo, Ex. 1 at 1. Finally, the Lease Clarification granted PVP the exclusive license to use and occupy their interest in Lot 1051. Declaration E. Calvo, Ex. 1 at 2.

## III.     LAW AND DISCUSSION

### A. Richard Moylan is not a third-party beneficiary entitled to pursue contract claims.

Richard believes he has third-party beneficiary status entitling him to enforce contractual rights. Compl. ¶¶ 92, 150, 163. Guam law recognizes that a third party may enforce a contract if made expressly for his benefit. 18 GCA § 85204. Guam adopted this provision from section 1559 of the California Civil Code, the wording of which has remained unaltered since its enactment in 1872. *See Goonewardene v. ADP, LLC*, 434 P.3d 124, 130 (Cal. 2019). For this reason, the Court can look to California law for persuasive authority.

In *Goonewardene*, the California Supreme Court established a three-part test for third-party enforcement of a contract. The test was a reflection of not just section 1559 but the development of common law principles, caselaw, and the Restatement Second of Contracts.

> A third party--that is, an individual or entity that is not a party to a contract--may bring a breach of contract action against a party to a contract only if the third party establishes not only (1) that it is likely to benefit from the contract, but also (2) that a motivating purpose of the contracting parties is to provide a benefit to the third party, and further (3) that permitting the third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties.

ORIGINAL

*Id.* at 126-27. All three elements must be satisfied to permit the third party claim to proceed. *Id.* at 133.

The Court turns its focus to the second prong's requirement that the contracting parties were motivated to provide a benefit to the third party. This prong focuses on purpose: "the contracting parties must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow from the contract." *Id.*

Here, the language of the Lease does not indicate that the parties to the Lease were motivated to provide a benefit to Richard. As first indicated in the recitals, the purpose of the Lease was for the Lessors to lease their interests in several parcels owned by members of the Moylan family to the Lessees. Decl. Counsel, Ex. A (Aug. 2, 2017). The Lease then recites standard lease terms between the parties, such as the duration, the amount of rent, the rights of possession and quiet enjoyment, the responsibilities for maintenance, repairs, and improvements, and the impact of a default. Among the sixteen pages of the Lease, Richard is mentioned only as it pertains to his interest in Lot No. 1051. Given the context of the full Lease, there is no genuine issue of material fact that the motivating purpose behind the Lease had nothing to do with benefitting Richard.

Even if the Court sets aside the *Goonewardene* test, and focuses only on a plain language application of section 85204, the Court finds that Richard does not satisfy the statutory requirement of being an express beneficiary of the Lease. Richard is not mentioned as a beneficiary and therefore, the Court can conclude that he is not an express beneficiary of the Lease.

Since the Lease was not made expressly for Richard's benefit, nor were the contracting parties motivated to benefit Richard, Richard does not have the right to enforce the Lease as a

third-party beneficiary. Absent such rights to enforce the Lease, Richard cannot pursue the contract claims of Accounting, Breach of Contract, or Breach of the Implied Covenant of Good Faith and Fair Dealing. *See Jones v. Aetna Cas. &surety Co.*, 33 Cal. Rptr. 2d 291, 294 (Ct. App. 1994) (a non-party lacks standing to enforce a contract).

## B. There are issues of fact on whether PVP and ECD are tortfeasors.

Trespass occurs when a tortfeasor intentionally enters land in possession of another or causes a third person to enter. *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16. Whether ECD or PVP are trespassers thus requires an examination of PVP's status as it relates to Lot No. 1051.

As discussed in the Court's May 6, 2022 Decision and Order, the Lease did not grant Richard exclusive possession. The Court posited that the Lease possibly did not divest the co-tenants of their rights of possession either. Dec. and Order Denying Pl.'s Mot. Partial Summ. J. at 4. This was a position advocated by PVP and ECD. *See* Defs. ECD and PVP Opp. to Pl.'s Mot. Partial Summ. J. at 3 (Aug. 24, 2018). Based on the language of the Lease, while it is clear that the co-tenants did not grant their rights of exclusive possession to Richard, the Lease did not specify what rights the co-tenants retained or what rights the Lessees acquired as it relates to Lot No. 1051 prior to Richard's consent.[1]

ECD and PVP urge the Court to consider the Lease Clarification and its pronouncement of PVP as a licensee. In response, Richard contends that section 26 of the Lease prohibits the Court's review of the Lease Clarification as a tool to interpret the Lease. Section 26 states: "this Lease cannot be modified or changed except in writing signed by the parties hereto." Decl. Counsel, Ex. A. According to Richard, because only two of the five Lessors signed the Lease

---

[1] The Court acknowledges two motions filed by Richard on May 11, 2022: a Motion for Reconsideration or in the Alternative Clarification of May 6, 2022 Decision, and a Motion for Summary Judgment. The motions seek clarification on what rights the Lessees held. To the extent it is helpful to the parties, the Court here clarifies that its May 6 Decision and Order focused on Richard's rights to exclusive possession, and not on the rights of the Lessees.

ORIGINAL

Clarification, it cannot validly clarify or modify the Lease. ECD and PVP first counter that paragraph 26 does not say "all parties," so individual lessors can still make clarifications to their interests. Even if that is true, the Court finds no authority which extends a clarification made by two lessors applicable to the remaining lessors. In other words, the Lease Clarification does not represent the positions of all Lessors. Moreover, because the Lease Clarification does not represent the position of the three remaining Lessors, it remains unclarified as to them whether those Lessors also believed that the Lease granted the Lessees a license to utilize Lot No. 151. Finally, one issue not discussed by the parties was that although the Lessees assigned their rights to PVP, those Lessees did not sign the Lease Clarification. Thus, what the Lessees intended by the Lease is still a question of fact, and it is unclear whether their intentions could be clarified by their assignees.

ECD and PVP also argue that the Lease Clarification modifies the Lease, or alternatively, it can be examined as extrinsic evidence to the extent that section 2 of the Lease is unclear. However, these arguments encounter the same obstacle: It is unclear what the other Lessors intended as to whether the Lessees were granted a license or something else or whether even the Lessors retained the right of possession. This is an issue of fact that cannot be resolved here based on the record before the Court. Also, only after the issue of intent is settled can it then be determined if ECD, PVP, or AMT trespassed onto Lot No. 1051.

Finally, PVP and ECD also ask the Court to grant summary judgment on the civil claim of conspiracy. The elements of civil conspiracy are "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts pursuant thereto, and (3) the damage resulting from such act and acts." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 72. There is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is

ORIGINAL

committed and damage results therefrom. *Prakashpalan v. Engstrom, Lipscomb and Lack*, 223 Cal. App. 4th 1105, 1136 (Cal. App. 2014). None of the parties discussed these elements or specified the underlying tort. The Court is therefore unable to determine whether summary judgment is merited on this claim.

## IV.    CONCLUSION AND ORDER

Because Richard is not an express third party beneficiary to the Lease, and the parties to the Lease were not motivated to benefit him, he lacks standing to enforce rights under the Lease. ECD and PVP's Motion for Summary Judgment on all contract claims is therefore GRANTED.

However, because it is unclear what status the Lease provided to the Lessees as to Lot No. 1051 absent Richard's consent to occupy the lot, and because the Lease Clarification cannot be used to clarify the Lessees' status, the Court DENIES PVP and ECD's motion on the tort claims of trespass and conspiracy.

SO ORDERED this 13th day of May 2022.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, for Plaintiff/Counter-Defendant Richard E. Moylan
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B. Moylan
Curtis C. Van de Veld, Esq., The Vandeveld Law Offices, P.C., for Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B. Moylan.
Jeffrey Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours Guam/Beach House
Mitchell Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendant/Counterclaimant/Third-Party Plaintiff E.C. Development, LLP, and Defendant Paseo View Properties, Inc.

